RECEIVED
IN LAKE CHARLES, LA.
OCT 19 2016
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KOSTMAYER CONSTRUCTION, LLC<br>Plaintiffs | * | CIVIL ACTION NO. 2:16-cv-01012 |
| v. | * | JUDGE MINALDI |
| PORT PIPE & TUBE, INC.,<br>Defendants | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant Port Pipe & Tube, Inc.'s (Port Pipe) Motion to Dismiss (Rec. Doc. 8) and Motion for Oral Argument (Rec. Doc. 9). The plaintiff Kostmayer Construction, LLC (Kostmayer) filed a Response (Rec. Doc. 10), and Port Pipe filed a reply (Rec. Doc. 14). For the following reasons, the court will **GRANT** Port Pipe's Motion to Dismiss (Rec. Doc. 8) and **DENY** Port Pipe's Motion for Oral Argument (Rec. Doc. 9) as moot. The case will be **DISMISSED WITHOUT PREJUDICE** and leave file an amended complaint within twenty-one (21) days.

## FACTS & PROCEDURAL HISTORY

Kostmayer originally filed suit in the Eastern District of Louisiana alleging, on behalf of itself and all others who are similarly situated, that Port Pipe violated the Telephone Consumer Protection Act (TCPA) and the Junk Fax Prevention Act of 2005 (JFPA) by sending unsolicited fax advertisements. In its complaint, Kostmayer alleges it personally received at least six unsolicited faxes that violated the TCPA and the JFPA.[1] Kostmayer also alleges that the unsolicited faxes "caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition

---

[1] Compl. (Rec. Doc. 1), ¶ 24.

1

to actual damages, including but not limited to those contemplated by Congress and the FCC."[2] The complaint does not further explain any alleged damages incurred by the plaintiff. While the case was pending in the Eastern District of Louisiana, Port Pipe moved to dismiss the action arguing that Kostmayer did not have standing because it did not allege a concrete injury, and that venue in the Eastern District of Louisiana was improper. Kostmayer filed a Response (Rec. Doc. 10), and Port Pipe filed a reply (Rec. Doc. 14). Then the parties filed a consent motion to withdraw the case and transfer it to the Western District of Louisiana.[3] The motion was granted,[4] and the action and the pending motions were assigned to this court on July 7, 2016.[5] The parties have not filed any subsequent memoranda. Because the parties have consented to venue in the Western District of Louisiana, the court disregards Port Pipe's improper venue argument.

## LAW & ANALYSIS

### I. Motion to Dismiss Standard

Port Pipe argues that the action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the court does not have subject matter jurisdiction over a case in which the plaintiff has not sufficiently alleged standing.[6] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). In a 12(b)(1) motion to dismiss, the plaintiff has the burden of establishing subject matter jurisdiction, and the motion "should only be granted

---

[2] Compl. (Rec. Doc. 1), ¶ 24.
[3] Ex Parte/Consent Motion to Withdraw (Rec. Doc. 15).
[4] Order Granting Motion to Withdraw (Rec. Doc. 16).
[5] District Case Transferred (Rec. Doc. 17).
[6] Memo. in Support of Motion to Dismiss (Rec. Doc. 8-1), p. 1.

if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claims entitling [it] to relief." *Id.* at 286, 287 (citations omitted).

To determine whether it has subject matter jurisdiction, the district court can look to "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001)). Here, because a record has not been developed, the court looks to the complaint alone to determine subject matter jurisdiction. "Accordingly, the [c]ourt accepts as true all factual allegations set forth in the complaint." *Sartin v. EKF Diagnostics, Inc.*, No. CV 16-1816, 2016 WL 3598297, at *2 (E.D. La. July 5, 2016) (citing *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010)).

## II.   Standing Requirement for Federal Subject Matter Jurisdiction

Port Pipe argues that Kostmayer did not allege facts that it suffered a concrete harm due to its alleged violation of the TCPA and JFPA, and therefore under the recently decided *Spokeo Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016), the plaintiff has not established federal subject matter jurisdiction. Under Article III of the Constitution, federal courts' jurisdiction is limited to justiciable "Cases" and "Controversies." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Muskrat v. United States*, 219 U.S. 346, 356-57 (1911)). For a case to be justiciable, the party bringing the case must have standing. *Id.*

Standing consists of three elements— "[the] plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs.*

*of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements[, and when] a case is at the pleading stage, the plaintiff must 'clearly...allege facts demonstrating' each element." *Id.* (citations omitted). Because Congress cannot "statutorily grant[] the right to sue to a plaintiff who would not otherwise have standing," *id.* at 1547-48 (citing *Raines v. Byrd,* 521 U.S. 811, 820 n.3 (1997)), a plaintiff must still allege "a concrete injury even in the context of a statutory violation," *id.* at 1549. Therefore, a complaint that alleges only a statutory violation without alleging a concrete harm must be dismissed. *Id.* at 1549.

On July 5, 2016, Judge Vance of the Eastern District of Louisiana decided a nearly identical case to the one before this court. *Sartin*, 2016 WL 3598297.[7] In fact, all of the attorneys representing the plaintiff in this case also represented the plaintiff in *Sartin*. The complaints in both cases allege that the defendants violated the TCPA by sending unsolicited faxes. *Sartin*, 2016 WL 3598297, at *1; Compl. (Rec. Doc.1). In both cases, the plaintiffs make the same single reference to damages—that the defendants' violation of the TCPA "caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual damages, including but not limited to those contemplated by Congress and the [Federal Communications Commission]." *Sartin*, 2016 WL 3598297, at *3; Compl. (Rec. Doc.1), ¶ 24.

The court in *Sartin* found that

> [w]hile a plaintiff need only provide "general factual allegations of injury" to withstand dismissal at the pleading stage, *Lujan*, 504 U.S. at 561, [the plaintiff's] conclusory allegation lacks even general factual support. ... [I]ts vague reference to Congress and the FCC provides no factual material from which the Court can reasonably infer what specific injury, if

---

[7] At the time of the *Sartin* decision, both Port Pipe and Kostmayer had already submitted all memoranda in connection to the Motion to Dismiss. Two days after Judge Vance decided *Sartin*, the current case was transferred to this court.

> any, [the plaintiff] sustained through defendants' alleged statutory violations. Absent supporting factual allegations, [the plaintiff's] bare assurance that an unspecified injury exists is insufficient to establish Article III standing. *See Pub. Citizen, Inc. v. Bomer*, 274 F.3d 212, 218 (5th Cir. 2001) (dismissing complaint when plaintiffs failed to plead specific facts indicating that they had suffered an injury in fact); *Cocona, Inc. v. Sheex, Inc.*, 92 F. Supp. 3d 1032, 1040 (D. Colo. 2015) (finding plaintiff's "conclusory" allegation of an injury in fact insufficient to establish standing).

2016 WL 3598297, at *3.

Agreeing with Judge Vance, this court finds that the same conclusory damage allegation is insufficient to withstand a 12(b)(1) Motion to Dismiss. As explained by the Supreme Court in *Spokeo*, Kostmayer cannot establish standing by simply alleging a statutory violation. 136 S. Ct. at 1549. Kostmayer must allege facts to establish a concrete injury, and his general reference to damages contemplated by congress is insufficient. *See id.; Sartin*, 2016 WL 3598297, at *3. Furthermore, Kostmayer cannot establish a concrete injury through his Memorandum in Opposition (Rec. Doc. 10) because "[a]n opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims." *Sartin*, 2016 WL 3598297, at *4 (citations omitted).

For these reasons, the court will **GRANT** Port Pipe's Motion to Dismiss (Rec. Doc. 8) and **DISMISS** Kostmayer's action **WITHOUT PREJUDICE,** with leave file an amended complaint within twenty-one (21) days. Further the court will **DENY AS MOOT** Port Pipe's Motion for Oral Arguments (Rec. Doc. 9).

Lake Charles, Louisiana, this 19 day of October, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5