UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KOSTMAYER CONSTRUCTION, LLC** | : | **DOCKET NO. 16-cv-1012** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **PORT PIPE & TUBE, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Class Certification filed by plaintiff Kostmayer Construction, LLC. Doc. 71. The motion is opposed by defendant Port Pipe & Tube, Inc. Doc. 77. For the reasons set forth below, the plaintiff's motion is hereby **DENIED**.

### I.
#### BACKGROUND

The defendant, Port Pipe & Tube, Inc. is a company engaged in the business of buying and selling steel to companies located throughout the United States and internationally. Doc. 77, p. 7. On March 28, 2016, plaintiff, Kostmayer Construction, LLC, filed a punitive class action in the Eastern District of Louisiana alleging defendant had violated the Telephone Consumer Protection Act of 1991 ("TCPA"), the Junk Fax Prevention Act of 2005 ("JFPA"), and regulations promulgated under the Federal Communications Commission ("FCC") by sending plaintiff and other similarly situated persons facsimile advertisements that did not include an JFPA mandated "Opt-Out Notice" notifying recipients of their right to stop future junk faxes. Doc. 1, p. 9, ¶ 24. Specifically, plaintiff cites six facsimile transmissions of advertisements sent by defendant to plaintiff it alleges failed to comply with the mandatory Opt-Out Notice requirements set forth in

47 U.S.C. § 227, *et seq.*, and 47 C.F.R. § 64.1200(a)(4)(iii)-(vii). *Id.* A copy of these transmissions is attached to the complaint. *Id.* at att. 1. It alleges these facsimile transmissions "caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual damages, including but not limited to those contemplated by Congress and the FCC." Doc. 1, p. 9, ¶ 24.

On June 10, 2016, plaintiff moved to dismiss the action on two grounds: (1) lack of subject matter jurisdiction because the complaint did not allege concrete facts that would give rise to standing; and (2) improper venue because the complaint did not allege that any action giving rise to the claim occurred in the Eastern District of Louisiana. Doc. 8, att. 1, pp. 3, 5-6. In the alternative, defendant moved to transfer the case to the Western District of Louisiana or the Southern District of Texas. *Id.* at 7-8. Plaintiff opposed the motion to dismiss on both grounds [doc. 10], but subsequently consented to transfer [doc. 15]; the case was transferred to this court on July 7, 2016. Doc. 17. On October 19, 2016, the court granted defendant's motion to dismiss for lack of subject matter jurisdiction agreeing that plaintiff had failed to state a concrete injury. Doc. 30. Plaintiff subsequently amended its complaint to more specifically connect its injury to the time wasted reviewing the unsolicited fax advertisements and the expenses incurred from printing them. Doc. 32, pp. 3-4. Defendant filed a second motion to dismiss. Doc. 34. Among its arguments, defendant's alleged plaintiff still failed to state a concrete injury. *Id.* at att. 1, pp. 3-8. On November 1, 2017, the court rejected this argument, denying defendant's motion and finding that plaintiff had sufficiently alleged a concrete injury. Doc. 56, pp. 5-12.

On June 1, 2018, plaintiff filed the instant motion to certify class. Doc. 71. Plaintiff asks that we (1) certify it as the class representative, (2) assign Chehardy, Sherman, Williams, Murray, Recile, Stakelum, & Hayes, LLP as class counsel and, (3) certify as a class:

> All persons and entities that are subscribers of telephone numbers to which within four years of the filing of this Complaint, Defendant

> sent facsimile transmissions with content that discusses, describes, promotes products and/or services offered by Defendant, and does not contain the opt-out notice required by 47 U.S.C. § 227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2) or 47 C.F.R. § 64.1200(a)(4)(iii)-(vii).

*Id* at 1. Defendant opposes the motion. Doc. 77. It argues that plaintiff's claim should be dismissed for lack of standing. *Id.* at 11-15. Furthermore, it argues plaintiff cannot meet the class certification requirements of Rule 23. *Id.* at 15-29.

## II.
### LAW AND ANALYSIS

**A. Standing**

We begin by addressing defendant's claim that plaintiff lacks standing in this case.

Plaintiff's amended complaint designates its injury as the time wasted reviewing the unsolicited fax advertisements and the expenses incurred from printing them. Doc. 32, pp. 3-4. In defendant's second motion to dismiss, it argued this was not a concrete injury. Doc. 34, att. 1, pp. 3-8. The court rejected this argument, denying defendant's motion and finding that plaintiff had sufficiently alleged a concrete injury. Doc. 56, pp. 5-12.

Then on July 13, 2018, a deposition of plaintiff revealed it was uncertain if any of the faxes sent by defendant had actually been printed. Doc. 77, att. 2, pp. 12, 17-18, 25. Accordingly defendant argues that plaintiff's only remaining injury is the time it alleges it wasted reviewing the faxes. Doc. 77, p. 11. Defendant argues that this injury is not "fairly traceable" to defendant's alleged omissions of the mandatory Opt-Out Notice in its facsimile transmissions. *Id.* at 11-12 (citing *Lujan v. Defenders. of Wildlife*, 112 S.Ct. 2130, 2136 (1992)). As set forth in the denial of defendant's second motion to dismiss, the court has already contemplated that the alleged waste of time reviewing the faxes is an injury that sustains plaintiff's claims. *See* Doc. 56, p. 8, 15. Accordingly, we reject defendant's arguments that the case should be dismissed for lack of

standing.

## B. Class Certification

A plaintiff seeking certification of a proposed class must meet four basic requirements under Fed. R. Civ. P. 23(a): numerosity, commonality, typicality and adequacy. Additionally, as plaintiff seeks to certify the class under Rule 23(b)(3), it must demonstrate that "common issues predominate and that class treatment is the superior method to resolve the dispute." *Lehocky v. Tidel Technologies, Inc.*, 220 F.R.D. 491, 498 (S.D. Tex. 2004) (citing Fed. R. Civ. P. 23(b)(3)).

The TCPA regulates only the transmission by fax of an "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). A solicited advertisement does not fall within the scope of the TCPA and does not require an Opt-Out Notice. *Bais Yaakov of Spring Valley v. Fed. Communications Comm'n*, 852 F.3d 1078, 1082 (D.C. Cir.2017). The Fifth Circuit has rejected class certifications of potential plaintiffs whose facsimile numbers were allegedly culled by a defendant from a database. *Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318 (5th Cir.2008). Specifically in *Gene*, although the defendant admitted to purchasing a database of potential customers, it also produced evidence that it had periodically culled fax numbers from other sources and further produced testimony that its database entries did not consistently or accurately reflect whether a given recipient had consented to receive fax advertisements. *Id.* at 323. Plaintiff sought to certify a class based on defendant's database however defendant argued the proposed class members' claims did not meet the predominance requirements of 23(b)(3) because the claims were "too dissimilar for class treatment, particularly with respect to the issue of whether each of the class members consented to receive fax advertisements from [the defendant]." *Id.* at 325. Although other circuits have rejected similar arguments [*see Dr. Robert L. Meinders D.C., Ltd v. Emery Wilson Corporation*, 2016 WL 3402621 at *4 (S.D. Ill. 2016) (citing the Seventh Circuit and reasoning

that a defendant "may not rely on its own failure to obtain and retain records of who consented to receive fax advertisements in order to defeat certification")], the Fifth Circuit in *Gene* agreed that "[plaintiff had] failed to advance a viable theory of generalized proof to identify those persons, if any, to whom [defendant would] be liable [to] under the TCPA." 541 F.3d at 329.

In support of its opposition to the instant motion, defendant attaches a declaration of Cody T. Schueter, Port Pipe & Tube's Vice President of operations. Doc. 77, att. 3. Schueter indicates that all defendant's contacts are maintained in a database [*id*. at ¶ 27] and that facsimile numbers for each contact are recorded in that database only if a contact agreed to receive facsimiles. *Id.* at ¶¶ 29, 47. Plaintiff intends to use this database to ascertain class members. *See* Doc. 96, p. 1 (plaintiff alleges an attached declaration of its expert evidences the class is ascertainable); 96, att. 1, ¶ 11(b) (plaintiff's expert identifies the materials he reviewed).

Defendant argues the motion for certification should be denied because plaintiff will not be able to establish via class-wide proof whether the faxes sent by defendant to each class member were unsolicited within the means of the TCPA. Doc. 77, p. 18. It argues plaintiff has "no evidence that disputes Port Pipe's practice of obtaining the consent of contacts." *Id.* at 20. Accordingly it argues, "individual inquiries of the recipients are necessary to sort out which transmission was consented to and which was not." *Id.* at 19 (citing *Gene*, 541 F.3d at 328-29).

Plaintiff asserts the testimonial evidence does not sufficiently establish any individual recipient provided "express permission" to receive facsimile advertisements from defendant. *See* Doc. 87, p. 28. Furthermore, it reasons that if defendant's use of a corporate practice allegedly evidences consent, consent is not an individualized issue. *Id.*

Plaintiff fails to distinguish this case from *Gene*. Both *Gene* and the instant matter deal with defendants that:

(1) culled fax numbers into a database from a variety of sources over a period of time, [*Gene*, 541 F.3d at 329; Doc. 77, pp. 7-8 (citing att. 3, ¶¶ 21-22)]

(2) failed to indicate in their databases which recipients consented to receive facsimile advertisements [*Gene*, 541 F.3d at 328-29; Doc. 71, att. 2, pp. 8-9] and,

(3) sent out faxes based on a uniform procedure. *Gene*, 541 F.3d at 328; *see* Doc. 71, att. 2, pp. 17-18.

Plaintiffs in both cases argued that the testimonial evidence failed to establish that defendant obtained express permission from any of the class members [*Gene*, 541 F.3d at 328; Doc. 87, p. 28] and both plaintiffs further urged consent was not an individualized issue. *Gene*, 541 F.3d at 328; Doc. 87, p. 28. As discussed, *supra*, these arguments were ultimately rejected by the Fifth Circuit which determined that consent needed to be considered on a case by case basis. *Gene*, 541 F.3d at 329. In the instant matter, plaintiff's expert estimates there were approximately one hundred thousand (100,000) fax transmissions transmitted by defendant in the four years preceding this suit. Doc. 96, att. 1, ¶ 33. Although he foresees no problem in ascertaining the identities of the recipients of these transmissions [*id.* at ¶ 34], like the Fifth Circuit in *Gene* "we do not perceive [plaintiff's] arguments to provide any sensible method of establishing consent or the lack thereof via class-wide proof." *Gene*, 541 F.3d at 329. Accordingly, we deny plaintiff's request for certification.

## III.
### Conclusion

For the reasons stated above, Kostmayer Construction, LLC's motion for class certification is **DENIED**.

THUS DONE AND SIGNED in Chambers this 7th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE